18-1120-cv
*Tobias Bermudez Chavez, et al. v. Occidental Chemical Corp.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2018

(Argued: March 4, 2019   Decided: August 6, 2021)

Docket No. 18-1120-cv

─────────────────────────

TOBIAS BERMUDEZ CHAVEZ, GERARDO ANTONIO FONESCA TORRES, FRANKLIN GUILLEN SALAZAR, GARCIA MONTES JOSE GABINO, MARIANO DE LOS ANGELES PIZARRO, ANTONIO OSORNO OSORNO, EUSEBIO PEREZ DINARTES, ANGEL NAPTALI AGILA SALINAS, JOSE VICENTE CAMPOS DEL PESO, GABRIEL RODOLFO CAMPOVE ARCE, JOSE ANTONIO E. ESPINOZA, MANUEL ISAIAS ESTRADA MOSQUERA, PEDRO RAMON GARCIA VILLON, MANUEL JESUS INGA DOMINGUEZ, JOSE VIRGILIO LOPEZ CORREA, JUAN BAUTISTA NORIEG MOREIRA, ANGEL RAFAEL ROMERO CASTRO, JULIAN GONZALO SUAREZ DEL ROSARIO, SIXTO TORRES FARIAS, TEODORO FERNANDO UNAMUN CORONEL, IDELFONSO ARAUZ ARAUZ, HECTOR ARCIA, SANTOS CAMARENA-CABALLERO, FULVIO CESAR CHAVEZ SUIRA, JOSE ANTONIO GONZALE HERNANDEZ, VALENTIN MONTERO MENDEZ, JUSTO GERMAN OPORTO VILCHEZ, JULIO SEVILLA FLORES, FELIX VARGAS RODRIGUEZ, LEOCADIO ZURDO AMADOR, JULIO ABREGO ABREGO, BERNARDO ABREGO JORIETO, SIMON ABREGO PINEDA, ONCHI ABREGO QUINTERO, DILVIO ALVAREZ MORENO, JUAN CHOLY APARICIO, FRANCISCO DEL SOCORRO BAT MORA, CELIO BONILLA VALDEZ, PEDRO BRICENO ESCALANTE, SANTIAGO CASTILO CASTILLO, LIBERATO CASTILO CASTILLO, GERARDO DELEON ZAPATA, ABNEGO GUILLERMO DUGEL WILLIAMS, FELICIMO DUGUEL MICHI, MANUEL GONZALES SANCHEZ, ERNESTO GUADAMUZ, HILARIO JULIAN MILTON, RICARDO ADOLFO MALDONAD SMITH, JOSE MIRANDA NICO, PANCHO MOLINA ACUNA, RAMON ABREGO, LORENZO MORALES MORALES, JULIO MORENO MONTEZUMA, MARIO MUNOZ SANTOS, ALEJANDRO PALACIO PINEDA, GENITO QUINTERO GONZALEZ, GREGORIO ELLINGTON, DIONICIO SANTIAGO ABREGO, SIMON SANTOS VILLAGRA, JULIO SANTOS SANTOS, NAPOLEON SERRANO NITI, VICTORIANO SERRANO CHICO, SAMUEL SMITH SMITH, SAMUEL TAYLOR ERA, DEMETRIO WILLIAMS JIMENEZ, SEBASTIAN WILLIAMS MIGAR, ALVARADO ALFARFO

MIGUEL FRANCISCO, EDGAR ARROYO GONZALEZ, MARCELO COREA COREA, JOSE DAIZ BENAVIDEZ, GONZALEZ MARIN MARVIN, MIGUEL ANGEL MORALES GUZMAN, RODRIGO QUIROS CHAVARRIA, GUILLER SANDRE REYES MORA, VEGA UGALDE NORMAN, FLORENTINO GILBERTO ALCIBA MONTESARRATE, TOMAS GILBERTO ASUNCI QUIMI, ODILO CASTRO LOPEZ, JOSE SANTIAGO LOJA ALVARADO, RICARDO ALBERTO ORRALA RAMIREZ, JOSE NICANOR PACHECO URGILES, LUIS ALFONSO PALADIN ILLESCAS, MANUEL JOSE PORRAS ALVAREZ, JOSE LEONCIO PUCHA VILLAMAGUA, LEOPOLDO MAURICIO QUEZAD VITONERA, GERMASN ELEUTERIO RAMIR OYOLA, EUGENIO DE JESUS VIVAR SANCHEZ, ESTEBAN GARCIA ACOSTA, MARIANO GONZALEZ PITTI, HECTOR GUTIERREZ VICTORIA, WILLFREDO MIRANDA PATINO, JUAN DEDIOS QUINTERO, MARIO REYES SALDANA, DANIEL RODRIGUEZ MADRID, ARCENIO RODRIGUEZ GALLARDO, FERMIN ROMERO DE LEON, JAVIER ENRIQUE RUBIO MORALES, MARGARITO SALINAS MOJICA, BASILIO SALINAS MOJICA, LINO VILLARREAL CONCEPCION, JORGE LUIS AGUILAR MORA, CARLOS AGUIRRE FLORES ALVAREZ, JUAN JOSE ARGUELLO JIMENEZ, JOSE BUSTOS OSES, RAFAEL BUSTOS BUSTOS, GERMAN FALLAS HERRERA, ELIZONDO GUARIN EDUARDO, FEDERICO CLEVER MONTERO SALAS, JULIAN ALVAREZ JOVINO, NERTOR EVELINO CACAY CORDOVA, JOSE DARIO CHICA ROMERO, MARIANO CRUZ JIMENEZ GUANOQUIZA, ALCIDES HUMBERTO LUPU REYES, MANUEL BENIGNO ORTIS, MIGUEL ANGEL QUITO AREVALO, GREGORIO JUAN TORRES TENESACA, FRANCISCO OSWALDO VILLACR MENDOZA, EULOGIO APOLOGIO ZAMBRA OTERO, ALCIDES BAULES RODRIGUEZ, LAUDINO CABALLERO RIOS, AGRIPINO CAMARENA CEDENO, DOMINGO CASTILLO MORALES, DANIEL CENSION CAMANO, DANIEL ESPINOSA MITRE, OSCAR ALEXIS GANTES ARAUZ, CESAR AUGUSTO GONZALE CABALLERO, EDUARDO GONZALEZ CABALLERO, ENEDICTO JIMENEZ MIRANDA, RAFAEL MARTINEZ GONZALEZ, AURELIO MIRANDA DIAZ, MARCOS MORALES GUTIERREZ, ABRAHAM MORENO CONCEPCION, JUAN ADOLFO OLIVERO MAGUE, LEOPOLDO PENA SANJUR, PAULINO PITTY SANCHEZ, LUIS ENRIQUE NAVARRO QUINTERO, CATALINO ROSALES PINEDA, NICOLAS SANTOS MONTENEGRO, CATALINO SERRUD, SANTOS TORRES PINZON, AQUILINO VIGIL SANCHEZ, EDWIN AGUERO JIMENEZ, JORGE AGUERO RETANA, ALBERTO CONEJO CHACON, DIDIER CORDERO CISNEROS, ESTANISLAO CRUZ CRUZ, MIGUEL ANTONIO DIAZ CORDERO, DOGABERTO ESQUIVEL VALDELOMAR, JOSE GAMBOA CASTILLO, MARCOS GOLUBOAY MEJIAS, ROGER ANTONIO LOPEZ ZAMORA, RUFINO MATARRITA MORENO, JOSE FABIO NUNEZ CASTRO, CARLOS LUIS PEREIRA OROZCO, FRANCISCO PEREIRA RAMIREZ, CARLOS MANUEL QUIROS ZUNIGA, WILLIAM FELICIANO RODRIGUEZ, JOSE ANGEL ROJAS

2

BARQUERO, HERNAN SOLANO CASTRO, RAFAEL SOLANO SABORIO, MARIO TORRES MORA, RAFAEL VALDERRAMA GRANADOS, GREIVIN VALENCIA LOPEZ, MELECIO VARELA SOTO, VICTOR VARGAS ARIAS, NIXON MODESTO ALVARAD VASQUEZ, ROBERTO WILLIAM BARONA BENITES, LAURO OLMEDO CHACON QUICHIMBO, FRANCISCO DOMINGO CONTRER ESPINOZA, EPIFANIO ARCHIBALDO CORN LEON, MANUEL GUAICHA CARDENAS, JUAN DE JESUS HUERTA MOSQUERA, MIGUEL ANGEL INIGUEZ OCHOA, HUGO EBERIO LEON VELEZ, MILTON MEDARDO MAZA VIVANCO, ROSARIO AVELINO NICANOR VIRGILIO, GALO MIGUEL ORBE VALENCIA, JOSE NICANOR PACHECO URGILES, ERICK FRANKLIN PALOMI ROMERO, ANGEL RAFAEL ROMERO CASTRO, LUIS VINICIO SALVATI VILLA, MIGUEL ANGEL SARAGURO, JOSE FERNANDO SARMIE CABRERA, LUIS GILBERTO VASQUE LOPEZ, EUGENIO APOLINARIO VILL PRIMITIVO, MAURO GREGORIO ZERDA GUERRA, BELISARIO ATENCIO MUNOZ, LUIS ALBERTO BARRIA ARAUZ, BENEDICTO CORELLA VASQUEZ, HUMBERTO DEL CID QUINTERO, ABEL GALLARDO CONCEPCION, ALCIBIADES GOMEZ QUIEL, CIRO GUTIERREZ CORTEZ, SALVADOR MILLAN PENALBA, MANUEL MAYORGA MOREDIBU, FELIX ANTONIO QUIROZ MORANTE, EMILIANO VEGA MORALES, GONZALEZ ARAYA FRANKLIN, GERMAN EDUARDO BRAVO VALDERRAMOS, EDWIN CERDAS MASIS, JORGE LUIS CORDERO BAQUERO, JOHNNY ESPINOZA GAMBOA, ESNEY HERNANDEZ FAJARDO, JIMENEZ RAMIREZ GILBERTO, ALVARADO RODRIGUEZ WILBERT, JOSE MANUEL SALAZAR BRENES, AUDIT VARGAS ROBLES, ELVIN VARGAS BLANCO, ROLANDO VILLEGAS JIMENEZ, ELEVIO VINDAS ZAMORA, DOUGLAS ROLANDO SANCHEZ, VICENTE BARRIA ARAUZ, GENARO BONILLA QUINTERO, NOEL ENRIQUE VALDES RODRIGUEZ, MARIO ESTEBAN CACERAS HERNANDEZ, TOMAS ALBERTO CEDENO RODRIGUEZ, WILFREDO GOMEZ VARGAS, EVIDELIO GONZALEZ ACOSTA, EDWIN ENUVIN GUERRA GONZALEZ, JUAN DEDIOS BAUTISTA SANCHEZ, RONALDO MORALES VARGAS, LIONEX MORALES MONTENEGRO, ALBERTO PINEDA MARQUINEZ, RAFAEL PINEDA MARQUINEZ, FELIX ANTONIO PINEDA ESPINOSA, ERICK ELIAS PINEDA JURADO, PABLO RIVERA BUICOBO, ISRAEL SANCHEZ GONZALEZ, ADOLFO VEGA GUERRA,
*Plaintiffs-Appellees*,

v.

OCCIDENTAL CHEMICAL CORPORATION, INDIVIDUALLY AND AS A SUCCESSOR TO OTHER OCCIDENTAL CHEMICAL COMPANY OTHER OCCIDENTAL CHEMICAL

AGRICULTURAL PRODUCTS INC. OTHER HOOKER CHEMICAL AND PLASTICS OTHER OCCIDENTAL CHEMICAL COMPANY OF TEXAS OTHER BEST FERTILIZER COMPANY,

*Defendant-Appellant.*

_____

Before:      SACK, RAGGI, AND CARNEY, *Circuit Judges*.

This case returns to us after our certification of two questions to the New York Court of Appeals. We asked the Court of Appeals to address whether (1) New York law recognizes cross-jurisdictional class action tolling; and (2) a non-merits dismissal of class certification terminates class action tolling, and if so, whether the underlying orders in this matter did so. *Chavez v. Occidental Chem. Corp.*, 933 F.3d 186, 202 (2d Cir. 2019) ("*Chavez*"). The answers to these questions would in turn decide whether, in light of the procedural postures and histories of this and related putative class actions, plaintiffs' complaint was timely.

The Court of Appeals answered both questions in the affirmative. *Bermudez Chavez v. Occidental Chem. Corp.*, 35 N.Y.3d 492, 158 N.E.3d 93 (2020) ("*Bermudez Chavez*"). The Court of Appeals held that (1) New York recognizes cross-jurisdictional class action tolling; and (2) "tolling ends—as a matter of law—when there is a clear dismissal of a putative class action, including a

4

dismissal for forum non conveniens, or denial of class certification for any reason." *Id.*, 35 N.Y.3d at 508, 158 N.E.3d at 104. The court further held that the underlying orders terminated class action tolling in 1995, thus rendering plaintiffs' claims untimely. *Id.*

In light of these holdings, we VACATE the order of the district court denying Occidental judgment on the pleadings, and REMAND with instructions to enter judgment, consistent with this opinion and the New York Court of Appeals' answers to our certified questions, in Occidental's favor.

> JOHN P. ELWOOD, Vinson & Elkins LLP, Washington, DC (D. Ferguson McNiel, III, Vinson & Elkins LLP, Houston, TX, Timothy Jay Houseal, Young Conaway Stargatt & Taylor, LLP, Wilmington, DE, *on the brief*), *for Defendant-Appellant*.
>
> JONATHAN S. MASSEY, Massey & Gail LLP, Washington, DC (Paul J. Berks, Massey & Gail LLP, Chicago, IL, Scott M. Hendler, Hendler Flores Law PLLC, Austin, TX, *on the brief*), *for Plaintiffs-Appellees*.

PER CURIAM:

Over the course of nearly three decades, this and related putative class actions have wended their way through United States federal and state courts. We rely on and incorporate here by reference the background and procedural

histories of these cases as set forth at length in our prior opinion. *Chavez v. Occidental Chem. Corp.*, 933 F.3d 186, 190-95 (2d Cir. 2019) ("*Chavez*"). We summarize the facts relevant to our resolution of this appeal upon its return to us from the New York Court of Appeals, which answered the questions we certified, as follows:

This putative class action and others like it arose from Occidental's manufacture, distribution, sale, and use of dibromochloropropane ("DBCP"), a pesticide to which the plaintiffs-appellees were allegedly exposed when they worked and lived on banana plantations in Central and South America between the 1960s and the 1980s. *Id.* at 189-91. Exposure to DBCP, a suspected carcinogen, also allegedly caused, among other infirmities: sterility, reduced sperm quality and quantity, liver damage, vision loss, chronic skin disorders, and compromised pulmonary and respiratory systems. *Id.* at 191. While the risks associated with DBCP exposure were allegedly known to some manufacturers as early as 1961 and at least by 1976, "Occidental nevertheless continued to manufacture, sell, market, and distribute DBCP until at least 1979 for agricultural use, including on banana plantations in Costa Rica, Panama, and Ecuador." *Id.* at 191.

In the 1990s, groups of plaintiffs who had been exposed to DBCP on banana plantations in Costa Rica, Panama, and Ecuador began filing putative class actions against Occidental and other defendants. *Id.* Relevant here, in August 1993, one group of plaintiffs—which did not include any of the plaintiffs-appellees in this case—brought an action in Texas state court. Dead Sea Bromine, a corporation indirectly owned in part by the State of Israel, was impleaded by the defendants and removed the Texas case to federal court (the "Texas Action"). *Id.*

In April 1995, the defendants in the Texas Action moved to dismiss the suit on *forum non conveniens* grounds; the district court conditionally granted the motion. *Id.*; *Delgado v. Shell Oil Co.*, 890 F. Supp. 1324, 1373 (S.D. Tex. 1995). In its July 11, 1995 order (the "July 1995 Order"), the Texas district court attempted to "ensure availability of an alternative forum" by "condition[ing] dismissal not only on the defendants' and third-party defendants' stipulation to waive all jurisdictional and limitations defenses but also upon acceptance of jurisdiction by the foreign courts involved in these cases." *Delgado*, 890 F. Supp. at 1357. Also pending before the district court was the plaintiffs' motion for class certification, which it administratively denied as moot. *Chavez*, 933 F.3d at 192; *Delgado*, 890 F.

7

Supp. at 1375 ("[A]ll pending motions in those cases not otherwise expressly

addressed in this Memorandum and Order are denied as moot." (emphasis

omitted)). The Texas court's order also included the following "return

jurisdiction" clause:

> Notwithstanding the dismissals that may result from this Memorandum and Order, in the event that the highest court of any foreign country finally affirms the dismissal for lack of jurisdiction of any action commenced by a plaintiff in these actions in his home country or the country in which he was injured, that plaintiff may return to this court and, upon proper motion, the court will resume jurisdiction over the action as if the case had never been dismissed for [*forum non conveniens*].

*Delgado*, 890 F. Supp. at 1375; *see also Chavez*, 933 F.3d at 192 (discussing the

"return jurisdiction" clause).

The Texas Action defendants proceeded to meet the conditions for

dismissal, and on October 27, 1995, "the district court entered a 'final judgment'

dismissing the action." *Chavez*, 933 F.3d at 192 (together with the July 1995

Order, the "1995 Orders"). The plaintiffs appealed, challenging the district

court's exercise of subject matter jurisdiction under the Foreign Sovereign

Immunities Act ("FSIA"). *Id.*; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 174-75 (5th Cir.

2000). The Fifth Circuit concluded, *inter alia*, that Israel's indirect ownership of a

majority interest in Dead Sea Bromine through a "tiered structure" of corporate

8

entities qualified Dead Sea Bromine as a "foreign state" within the meaning of the FSIA such that Dead Sea Bromine properly removed the case to federal court and the district court had subject matter jurisdiction over it. *Delgado*, 231 F.3d at 175-76; *Chavez*, 933 F.3d at 192. In so holding, the Fifth Circuit affirmed the district court's dismissal of the action on *forum non conveniens* grounds. *Delgado*, 231 F.3d at 182-83.

In a decision arising out of similar DBCP litigation in Hawaii that ultimately reached the Supreme Court, the Court held that "[a] corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 477, 480 (2003). Because the State of Israel "owned a majority of shares, at various times, in companies one or more corporate tiers above the Dead Sea Companies," Dead Sea Bromine was not an "agency or instrumentality of a foreign state" within the meaning of the FSIA. *Id.* at 473, 475; 28 U.S.C. §§ 1603(a), (b). This in turn rendered improper Dead Sea Bromine's removals of the Texas and Hawaii actions to federal court: No federal subject matter jurisdiction existed. *Chavez*, 933 F.3d at 193.

9

In light of the Supreme Court's decision in *Patrickson*, the plaintiffs in the Texas Action moved to vacate the district court's July 1995 Order. *Id.* In March 2004, that court "issued a final judgment denying the plaintiffs' motion to vacate the July 1995 Order but indicated that it would consider remanding the case to [Texas] state court upon the filing of a properly supported motion." *Id.* The plaintiffs subsequently filed such a motion, which the court granted. *Id.* The Texas district court explained that the "[*forum non conveniens*] dismissal and the return jurisdiction clause on which it was premised remain[ed] valid," and that the dismissal on *forum non conveniens* grounds "was not a 'final judgment' that extinguished the court's duty either to continue examining its subject matter jurisdiction over this case, or to remand the underlying cases to state court when and if it determines that it lacks subject matter jurisdiction." *Delgado v. Shell Oil Co.*, 322 F. Supp. 2d 798, 809, 816 (S.D. Tex. 2004). The court accordingly remanded the case to Texas state court. *Id.* at 817; *Chavez*, 933 F.3d at 193-94.

The Texas state court then granted the plaintiffs' motion to reinstate their claims. In June 2010, however, the Texas court denied the plaintiffs' motion for class certification. *Chavez*, 933 F.3d at 194. The day after this denial, the plaintiffs voluntarily dismissed their claims, effectively ending the Texas litigation. *Id.*

10

The separate but similar litigation underlying this appeal began as eight lawsuits filed in the United States District Court for the District of Delaware in June 2012. *Chavez*, 933 F.3d at 194. The Delaware district court consolidated the cases into two actions, one of which was captioned *Chavez v. Dole Food Co.* *Id.* Defendant Occidental moved to dismiss *Chavez v. Dole Food Co.* on personal jurisdiction grounds. *Id.* In May 2017, the Delaware court granted Occidental's motion in part and transferred the plaintiffs' claims against Occidental to the United States District Court for the Southern District of New York. *Id.* On September 1, 2017, Occidental moved for judgment on the pleadings, asserting that the plaintiffs' claims were time-barred. *Id.*; *Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 522 (S.D.N.Y. 2018).

The district court (Paul A. Engelmayer, *J.*) denied Occidental's motion. *Chavez*, 300 F. Supp. 3d at 522, 540. The district court first concluded that the plaintiffs' claims were timely because, even though New York courts had not yet spoken on the issue, it thought that New York law would recognize the doctrine of "cross-jurisdictional class action tolling," meaning that the pendency of the Texas Action tolled these plaintiffs' claims in the Southern District of New York. *Id.* at 529-30. Second, the district court concluded that the Texas district court's

11

1995 Orders did not terminate tolling because they "did not clearly disallow class status" and that "absent class members such as the plaintiffs here . . . could [therefore] reasonably have relied thereafter on the continued maintenance of the [Texas Action]" as tolling the statute of limitations. *Id.* at 535. Further, the court reasoned, the July 1995 Order was "only a *conditional* dismissal" which "held out the guarantee of resuming jurisdiction as if the case had never been dismissed." *Id.* at 536 (emphasis in original) (internal quotation marks and alterations omitted). According to the district court, the underlying claims were tolled until June 2010, when the Texas state court denied class certification on the merits. *Id.* at 537. The plaintiffs' claims were therefore timely under the applicable three-year statute of limitations. *Id.*; *Chavez*, 933 F.3d at 196.

The district court recognized, however, that its conclusions hinged on unresolved questions of New York law which, as a district court, it was unable to certify to the New York Court of Appeals. It encouraged us to do so on appeal. *Chavez*, 300 F. Supp. 3d at 539 ("The issue is also a pure question of New York law, on which the New York courts have remained silent. It is therefore a strong candidate for certification, by the Second Circuit, to the New York Court of Appeals.").

12

In a subsequent opinion and order, the district court denied Occidental's

motion for reconsideration. *Chavez v. Occidental Chem. Corp.*, No. 17-cv-3459

(PAE), 2018 WL 620488, at *1 (S.D.N.Y. Jan. 29, 2018), 2018 U.S. Dist. LEXIS 14522,

at *7 (S.D.N.Y. Jan. 29, 2018). On April 18, 2018, we granted Occidental leave to

file an interlocutory appeal. *Chavez*, 933 F.3d at 195.

On appeal, we recognized that while New York had adopted the class

action tolling rule of *American Pipe and Construction Co. v. Utah*, 414 U.S. 538

(1974), this doctrine was not dispositive of the issues presented. *Chavez*, 933 F.3d

at 196. In *American Pipe*, the Supreme Court held that "commencement of the

original class suit tolls the running of the statute [of limitations] for all purported

members of the class . . . ." *American Pipe*, 414 U.S. at 553. *American Pipe* tolling,

however, is not synonymous with cross-jurisdictional class action tolling, i.e.,

whether a class action filed in *another* jurisdiction "tolls the New York statute of

limitations for absent class members' claims in New York courts." *Chavez*, 933

F.3d at 196. Moreover, even if New York did recognize cross-jurisdictional class

action tolling, "[w]e would still have to decide whether the Texas Action tolled

the plaintiffs' claims," and in turn, whether the 1995 Orders, which dismissed the

13

Texas Action on *forum non conveniens* grounds and therefore did not address class certification on the merits, terminated tolling. *Id.* at 198-99.

To these ends, we certified two questions to the New York Court of Appeals: (1) Does New York law recognize cross-jurisdictional class action tolling?; and (2) Can a non-merits dismissal of class certification terminate class action tolling, and if so, did the Orders at issue here do so? *Id.* at 202.

The New York Court of Appeals answered both questions in the affirmative. *Bermudez Chavez v. Occidental Chem. Corp.*, 35 N.Y.3d 492, 496, 158 N.E.3d 93, 96 (2020) ("*Bermudez Chavez*"). The court first held that, as the district court predicted, New York law recognizes cross-jurisdictional class action tolling. *Id.*, 35 N.Y.3d at 503-04, 158 N.E.3d at 101. New York CPLR article 9, which codifies class action procedures, "was modeled on similar federal law, specifically," Federal Rule of Civil Procedure 23. *Id.*, 35 N.Y.3d at 503, 158 N.E.3d at 100 (internal quotation marks omitted); *see* N.Y. CPLR § 902. Article 9, like Federal Rule of Civil Procedure 23, aims "to enable individuals injured by the same pattern of conduct by another to pool their resources and collectively seek relief where their individual damages may not be sufficient to justify the costs of litigation." *Bermudez Chavez*, 35 N.Y.3d at 503, 158 N.E.3d at 101 (internal

14

quotation marks omitted). A holding that New York law did not recognize cross-jurisdictional class action tolling "would subvert article 9," and run counter to "the same animating policies the United States Supreme Court discussed in *American Pipe* and its progeny [which] also underlie article 9." *Id.*, 35 N.Y.3d at 503-04, 158 N.E.3d at 101.

Contrary to the district court's holding, however, and by a vote of four to three, the Court of Appeals also answered the second question as to when tolling ends and whether the 1995 Orders terminated tolling here in the affirmative. The Court of Appeals held:

> [T]olling ends—as a matter of law—when there is a clear dismissal of a putative class action, including a dismissal for forum non conveniens, or denial of class certification for any reason. Under those circumstances, future plaintiffs are on notice that they must take steps to protect their rights because the litigation no longer compels the court to address class certification or the named plaintiffs to advance absent class members' interests. At that point, it is no longer objectively reasonable for absent class members to rely upon the existence of a putative class action to vindicate their rights, and tolling is extinguished. Thus, in this case, the 1995 Texas orders that dismissed that action on forum non conveniens grounds ended tolling, as a matter of law.

*Id.*, 35 N.Y.3d at 508, 158 N.E.3d at 104 (internal citation omitted).

The plaintiffs sought re-argument before the Court of Appeals. Their motion was denied. *Chavez v. Occidental Chem. Corp.*, 36 N.Y.3d 962, 161 N.E.3d 480 (2021).

The New York Court of Appeals' answers to our certified questions compel the conclusions that the Texas district court's 1995 Orders terminated tolling, and therefore, that the plaintiffs-appellees' claims in the case before us are untimely. The July 1995 Order conditionally dismissed the action on *forum non conveniens* grounds and administratively denied the class certification motion as moot. *Delgado*, 890 F. Supp. at 1375. Even if this conditional dismissal were not dispositive, the October 1995 Order, which entered a "final judgment" dismissing the Texas Action, terminated tolling. *Chavez*, 933 F.3d at 192; *Bermudez Chavez*, 35 N.Y.3d at 508, 158 N.E.3d at 104. The plaintiffs-appellees' claims, which accrued no later than August 31, 1993, are thus untimely under New York's three-year statute of limitations for personal injury actions, which the parties agreed applies. *Chavez*, 933 F.3d at 196. Occidental is therefore entitled to judgment in its favor on the grounds that the plaintiffs-appellees' claims are time-barred.

For the foregoing reasons, the order denying Occidental's motion for judgment on the pleadings is vacated and the case is remanded to the district

court with instructions to enter judgment, consistent with this opinion and the

Court of Appeals' answers to our certified questions, in Occidental's favor.